**FILED**

**JULY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## United States Bankruptcy Court
NORTHERN DISTRICT OF ILLINOIS
219 S. Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date _____ **7/21/2008**

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

Case Number _____ **08A00198, 08B00427**

Case Name _____ **Chapa v Remos**

Notice of Appeal Filed _____ **5/23/2008**

Appellant _____ **Marissa Chapa**

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | |
|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | ✓ Notice of Appeal |
| ✓ | Designation and Statement of Issues | ✓ Copy of Documents Designated |
| ☐ | Transcript of Proceeding | ☐ Exhibits |
| ☐ | In Forma Pauperis | ☐ Expedited Notice of Appeal |

Additional Items Included

☑ Amended Designation of Content of the Record and Statement of Issues

**FILED**

☐ Total Volumes Transmitted

JUL 2 1 2008 TC

The following items will be transmitted as a supplemental to the Record on Appeal

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

☐

Case Number

By Deputy Clerk

**08CV4130
JUDGE KENDALL
MAGISTRATE JUDGE DENLOW**

Revised 03/26/84rj

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                          )
                                )
William Remos,                  )
                                )        Case No.: 08 BK 472
        Debtor.                 )
                                )        Chapter 7
_____         )
MARISSA CHAPA,                  )
                                )        Honorable Pamela S. Hollis
            Plaintiff,          )        U.S. Bankruptcy Judge
                                )
v.                              )        Adversary No. 08 A 198
                                )
WILLIAM REMOS,                  )
                                )
            Defendant.          )

## NOTICE OF APPEAL TO DISTRICT COURT

PLEASE TAKE NOTICE, that Marissa Chapa, the Plaintiff, appeals under 28 U.S.C.

158(a)(1), from orders dated April 29, 2008 and May 13, 2008, attached hereto and order from

May 22, 2008 announced in Court, of the Bankruptcy Judge Pamela S. Hollis, entered in the

adversary proceeding, ordering: 1) the dismissal for want of prosecution; 2) denial of Plaintiff's

Motion Vacate a Order of April 29, 2008, Reopening the adversary proceeding, and Reinstating

her Complaint against Defendant; and 3) denial of Plaintiff's Motion to Reconsider, respectively.

(See Order, Exhibit 1 and  Notice of Electronic Filing of Order, Exhibit 2).

Attached hereto is Plaintiff's Statement of Election, requesting her appeal to be heard by

the District Court pursuant to 28 U.S.C. §158(c)(1).  (See Statement, Exhibit 3).

The names of all other parties to the order appealed from and the names, address and

telephone numbers of their respective attorneys are as follows:

William Remos, the Debtor
5774 N. Oleander
Chicago, Illinois 60631

Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
Phone: 312-782-9792
Fax: 312-782-0483
Counsel for William Remos

William T Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn
Room 873
Chicago, Illinois 60604
Phone: 312-886-5785
Fax: 312-886-5794
U.S. Trustee

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
Phone: 312-876-6670
Fax: 312-876-6241
Trustee

Respectfully submitted,

MARISSA CHAPA


By:   /s/ Panagiotis Albanis
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

**CLOSED, APPEAL**

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Adversary Proceeding #: 08-00198
### Internal Use Only

*Assigned to:* Pamela S. Hollis
*Related BK Case:* 08-00472
*Related BK Title:* William P. Remos and
Marissa Chapa
*Related BK Chapter:* 7
*Demand:*

*Date Filed:* 04/04/08
*Date Terminated:* 04/30/08
*Date Dismissed:* 04/29/08

*Nature[s]
of Suit:*

62 Dischargeability - 523(a)(2),
   false pretenses, false
   representation, actual fraud

68 Dischargeability - 523(a)(6),
   willful and malicious injury

## Plaintiff

------------------------

**Marissa Chapa**

represented by **Katherine L Haennicke**
Tressler Soderstrom Maloney
& Priess LLP
233 S Wacker Drive 22nd
Floor
Chicago, IL 60606
312 627-4131
Fax : 312 627-1717
Email: khaennicke@tsmp.com

**Pete V Albanis**
Tressler Soderstrom Maloney
& Priess LLP
233 South Wacker Drive 22nd
Floor

This is to certify that the within and attached
document is a full, true and correct copy of
the original thereof as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Illinois.

KENNETH S. GARDNER
CLERK OF COURT

By
Deputy Clerk
Dated

Chicago, IL 60606
312 627-4198
Fax : 312 627-1717
Email: palbanis@tsmp.com
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------
**William P. Remos**               represented by **Thomas Twomey**
Zalutsky & Pinski Ltd
20 N Clark St.
Suite 600
Chicago, IL 60602
312 782-9792
Fax : 312 782-0483
Email: ecf@zaplawfirm.com

| Filing Date | # | Docket Text |
|---|---|---|
| 04/04/2008 | 1 | Adversary case 08-00198. (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)), (68 (Dischargeability - 523(a)(6), willful and malicious injury)): Complaint by Marissa Chapa against William P. Remos. Fee Amount $250. Status hearing to be held on 4/29/2008 at 10:30 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (Albanis, Pete) (Entered: 04/04/2008) |
| 04/04/2008 | 2 | Summons Link Summons Issued on William P. Remos Answer Due 05/5/2008 (Albanis, Pete) (Entered: 04/04/2008) |

| 04/07/2008 | 3 | Receipt of Complaint(08-00198) [cmp,cmp] ( 250.00) Filing Fee. Receipt number 8595808. Fee Amount $ 250.00 (U.S. Treasury) (Entered: 04/07/2008) |
|---|---|---|
| 04/29/2008 | 4 | Order Dismissing Adversary Proceeding for want of prosecution. Signed on 4/29/2008 (Epps, Wanda) (Entered: 04/30/2008) |
| 04/30/2008 | 5 | Adversary Case 1-08-ap-198 Closed . (Epps, Wanda) (Entered: 04/30/2008) |
| 05/05/2008 | 6 | Notice of Motion and Motion to Vacate Filed by Pete V Albanis on behalf of Marissa Chapa. Hearing scheduled for 5/13/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/05/2008) |
| 05/05/2008 | 7 | Notice of Motion Filed by Pete V Albanis on behalf of Marissa Chapa (RE: 6 Motion to Vacate). Hearing scheduled for 5/13/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/05/2008) |
| 05/13/2008 | 8 | (E)Order Denying for the Reasons Stated on the Record Motion To Vacate (Related Doc # 6). Signed on 05/13/2008. (Austin, Lynda) (Entered: 05/13/2008) |
| 05/19/2008 | 9 | Notice of Motion and First Motion for Relief from Judgment or Order Filed by Pete V Albanis on behalf of Marissa Chapa. Hearing scheduled for 5/22/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/19/2008) |

| 05/19/2008 | ◕10 | Notice of Motion Filed by Pete V Albanis on behalf of Marissa Chapa (RE: 9 Motion for Relief from Judgment or Order). Hearing scheduled for 5/22/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/19/2008) |
|---|---|---|
| 05/20/2008 | ◕11 | Notice of Motion and Motion to Approve Plaintiff's Motion for Reconsideration of the Court's May 13, 2008 Order Filed by Pete V Albanis on behalf of Marissa Chapa. Hearing scheduled for 5/22/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/20/2008) |
| 05/20/2008 | ◕12 | Notice of Motion Filed by Pete V Albanis on behalf of Marissa Chapa (RE: 11 Motion to Approve,, 9 Motion for Relief from Judgment or Order). Hearing scheduled for 5/22/2008 at 10:00 AM at 219 South Dearborn, Courtroom 644, Chicago, Illinois 60604. (Albanis, Pete) (Entered: 05/20/2008) |
| 05/21/2008 | ◕13 | Attachment(s) Proposed Order Filed by Pete V Albanis on behalf of Marissa Chapa (RE: 11 Motion to Approve, ). (Albanis, Pete) (Entered: 05/21/2008) |
| 05/21/2008 | ◕14 | Appearance Filed by Thomas Twomey on behalf of William P. Remos. (Twomey, Thomas) (Entered: 05/21/2008) |
| 05/23/2008 | ◕15 | Notice of Appeal to District Court. Filed by Pete V Albanis on behalf of Marissa Chapa. Fee Amount $255 (RE: [8] Order on Motion to Vacate, 4 Order Dismissing Adversary Proceeding). Appellant Designation due by 6/2/2008. Transmission of |

| | | Record Due by 7/2/2008. (Attachments: # 1 Exhibit Order of April 29, 2008# 2 Exhibit Notice of Electronic Filing of Order of May 13, 2008# 3 Exhibit Statement of Election)(Albanis, Pete) (Entered: 05/23/2008) |
|---|---|---|
| 05/23/2008 | 16 | Receipt of Notice of Appeal(08-00198) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 8874437. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 05/23/2008) |
| 05/27/2008 | ◗17 | (E)Order Denying for the Reasons Stated on the Record Motion for Relief from Judgment or Order (Related Doc # 9). Signed on 05/27/2008. (Austin, Lynda) (Entered: 05/27/2008) |
| 05/27/2008 | ◗18 | Notice of Filing to Bk Judge and Parties on Service List (RE: 15 Notice of Appeal, ). (Henderson, LaToya) (Entered: 05/27/2008) |
| 06/02/2008 | ◗19 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Pete V Albanis on behalf of Marissa Chapa. (RE: 15 Notice of Appeal,, 18 Notice of Filing Re: Appeal). (Albanis, Pete) (Entered: 06/02/2008) |
| 06/02/2008 | ◗20 | Request for Transcript re: Appeal Filed by Pete V Albanis on behalf of Marissa Chapa. (RE: 15 Notice of Appeal,, 19 Appellant Designation and Statement of Issue, 18 Notice of Filing Re: Appeal). Transcript Due by 6/27/2008. (Albanis, Pete) (Entered: 06/02/2008) |
| 06/02/2008 | ◗21 | Notice of Filing Filed by Pete V Albanis on behalf of Marissa Chapa (RE: 19 Appellant Designation and Statement of Issue, 20 Request for Transcript re: Appeal). (Albanis, Pete) (Entered: 06/02/2008) |

| 07/07/2008 | ●22 | Appearance Filed by Katherine L Haennicke on behalf of Marissa Chapa. (Haennicke, Katherine) (Entered: 07/07/2008) |
| 07/18/2008 | ●23 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by Katherine L Haennicke on behalf of Marissa Chapa. (RE: 19 Appellant Designation and Statement of Issue). (Haennicke, Katherine) (Entered: 07/18/2008) |
| 07/18/2008 | ●24 | Notice of Filing Filed by Katherine L Haennicke on behalf of Marissa Chapa (RE: 23 Appellant Designation and Statement of Issue). (Haennicke, Katherine) (Entered: 07/18/2008) |

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No.: 08 BK 472 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| _____ | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

### DESIGNATION OF THE CONTENT OF THE RECORD
### AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

MARISSA CHAPA, Plaintiff-Appellant, by and through her attorneys, designates the following items to be included in the record on appeal to the United States District Court from 1) the Order Granting a Dismissal for Want of Prosecution entered on April 29, 2008; 2) the Order denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate her Complaint against Defendant, entered on May 13, 2008 and 3) the Order denying Chapa's Motion to Reconsider, announced in court on May 22, 2008 and docketed May 27, 2008 (collectively the "Orders") and sets forth her statement of issues to be presented on appeal, as follows:

### DESIGNATION OF THE CONTENT OF THE RECORD

| USBC N.D. IL Docket No. (including all exhibits) | Date | Description |
|---|---|---|
| 1 | 4/4/08 | Plaintiff's Complaint for Adversary Case. |
| 2 | 4/4/08 | Summons Issued |

| 3 | 4/7/09 | Receipt of Complaint. Filing Fee. Receipt number 8595808. Fee Amount $250.00. |
| 4 | 4/29/09 | Order Dismissing Adversary Proceeding for want of prosecution. |
| 5 | 4/30/08 | Adversary Case closed. |
| 6 | 5/5/08 | Notice of Motion and Motion to Vacate. |
| 7 | 5/5/08 | Notice of Motion. |
| 8 | 5/13/08 | Order Denying for the Reasons Stated on the Record. |
| 9 | 5/19/08 | Notice of Motion and First Motion for Relief from Judgment or Order. |
| 10 | 5/19/08 | Notice of Motion. |
| 11 | 5/20/08 | Notice of Motion and Motion to Approve Plaintiff's Motion for Reconsideration of the Court's May 13, 2008 Order. |
| 12 | 5/20/08 | Notice of Motion. |
| 13 | 5/21/08 | Attachment(s) Proposed Order. |
| 14 | 5/21/08 | Appearance Filed by Thomas Twomey on behalf of William P. Remos |
| 15 | 5/23/08 | Notice of Appeal to District Court. |
| 16 | 5/23/08 | Receipt of Notice of Appeal. |
| 17 | 5/27/08 | Order Denying for the Reasons Stated on the Record Motion for Relief From Judgment or Order. |
| 18 | 5/27/08 | Notice of Filing to Bk Judge and Parties on Service List. |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.    Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in dismissing this matter for want of prosecution.

2.       Whether the Bankruptcy Court erred as a matter of law and/or abused its

discretion in denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary

Proceeding and Reinstate her Complaint against Defendant.

3.       Whether the Bankruptcy Court erred as a matter of law and/or abused its

discretion in denying Chapa's Motion to Reconsider.

4.       Whether the Bankruptcy Court erred as a matter of law and/or abused its

discretion in entering the Orders of April 29, 2008 and May 13, 2008 and in announcing the

decision on May 22, 2008, which was docketed on May 27, 2008.

Dated: June 2, 2008

Respectfully submitted,

MARISSA CHAPA

By:   /s/ Panagiotis Albanis
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 2, 2008 a copy of the foregoing document was served:

- Electronically filing via court ECF system and mailing, via U.S. Postal Service to the below parties:

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
**Counsel for William Remos**

MARISSA CHAPA


By: __/s/Panagiotis Albanis_____
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No.: 08 BK 472 |
|       Debtor. | ) | |
| | ) | Chapter 7 |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
|       Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
|       Defendant. | ) | |

## AMENDED DESIGNATION OF THE CONTENT OF THE RECORD
## AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

MARISSA CHAPA, Plaintiff-Appellant, by and through her attorneys, designates the following items to be included in the record on appeal to the United States District Court from 1) the Order Granting a Dismissal for Want of Prosecution entered on April 29, 2008; 2) the Order denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate her Complaint against Defendant, entered on May 13, 2008 and 3) the Order denying Chapa's Motion to Reconsider, announced in court on May 22, 2008 and docketed May 27, 2008 (collectively the "Orders") and sets forth her statement of issues to be presented on appeal, as follows:

### DESIGNATION OF THE CONTENT OF THE RECORD

| USBC N.D. IL Docket No. (including all exhibits) | Date | Description |
|---|---|---|
| 1 | 4/4/08 | Plaintiff's Complaint for Adversary Case. |
| 2 | 4/4/08 | Summons Issued |

| 3 | 4/7/09 | Receipt of Complaint. Filing Fee. Receipt number 8595808. Fee Amount $250.00. |
|---|---|---|
| 4 | 4/29/09 | Order Dismissing Adversary Proceeding for want of prosecution. |
| 5 | 4/30/08 | Adversary Case closed. |
| 6 | 5/5/08 | Notice of Motion and Motion to Vacate. |
| 7 | 5/5/08 | Notice of Motion. |
| 8 | 5/13/08 | Order Denying for the Reasons Stated on the Record. |
| 9 | 5/19/08 | Notice of Motion and First Motion for Relief from Judgment or Order. |
| 10 | 5/19/08 | Notice of Motion. |
| 11 | 5/20/08 | Notice of Motion and Motion to Approve Plaintiff's Motion for Reconsideration of the Court's May 13, 2008 Order. |
| 12 | 5/20/08 | Notice of Motion. |
| 13 | 5/21/08 | Attachment(s) Proposed Order. |
| 14 | 5/21/08 | Appearance Filed by Thomas Twomey on behalf of William P. Remos |
| 15 | 5/23/08 | Notice of Appeal to District Court. |
| 16 | 5/23/08 | Receipt of Notice of Appeal. |
| 17 | 5/27/08 | Order Denying for the Reasons Stated on the Record Motion for Relief From Judgment or Order. |
| 18 | 5/27/08 | Notice of Filing to Bk Judge and Parties on Service List. |
| 19 | | Transcripts of Proceedings from April 29, 2008 |
| 20 | | Transcripts of Proceedings from May 13, 2008 |
| 21 | | Transcripts of Proceedings from May 22, 2008 |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.     Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in dismissing this matter for want of prosecution.

2.     Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate her Complaint against Defendant.

3.     Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Reconsider.

4.     Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in entering the Orders of April 29, 2008 and May 13, 2008 and in announcing the decision on May 22, 2008, which was docketed on May 27, 2008.

Dated: July 18, 2008

Respectfully submitted,

MARISSA CHAPA

By:  /s/ Katherine L. Haennicke
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2008 a copy of the foregoing document was served:

- Electronically filing via court ECF system and mailing, via U.S. Postal Service to the below parties:

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
**Counsel for William Remos**

MARISSA CHAPA


By:___/s/Katherine L. Haennicke_____
    One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

KH1/cic/330258                                                          7751-1

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| _____ | ) | Chapter 7 |
| | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO:   **SEE ATTACHED SERVICE LIST**

Please take notice that on July 18, 2008 we electronically filed with the Clerk of the Court in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, an **Amended Designation of the Content of the Record and Statement of Issues to be Presented on Appeal,** a copy of which is hereby served on to you.

MARISSA CHAPA

By: _/s/Katherine L. Haennicke_____
       One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## SERVICE LIST

William T Neary
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
(312) 886-5785
**U.S. Trustee**

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza, Ste 1200
Chicago, IL 60606
312-876-7100
Fax: 312-876-0288
**Trustee**

Kerrie S Neal
Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
Fax: 312-782-0483
**Counsel for William Remos**

326118

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No.: 08 BK 472 |
|       Debtor. | ) | |
| | ) | Chapter 7 |
| ———————————————— | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
|       Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
|       Defendant. | ) | |

**AMENDED DESIGNATION OF THE CONTENT OF THE RECORD**
**AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

MARISSA CHAPA, Plaintiff-Appellant, by and through her attorneys, designates the

following items to be included in the record on appeal to the United States District Court from 1)

the Order Granting a Dismissal for Want of Prosecution entered on April 29, 2008; 2) the Order

denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding

and Reinstate her Complaint against Defendant, entered on May 13, 2008 and 3) the Order

denying Chapa's Motion to Reconsider, announced in court on May 22, 2008 and docketed May

27, 2008 (collectively the "Orders") and sets forth her statement of issues to be presented on

appeal, as follows:

**DESIGNATION OF THE CONTENT OF THE RECORD**

| USBC N.D. IL Docket No. (including all exhibits) | Date | Description |
|---|---|---|
| 1 | 4/4/08 | Plaintiff's Complaint for Adversary Case. |
| 2 | 4/4/08 | Summons Issued |

| | | |
|---|---|---|
| 3 | 4/7/09 | Receipt of Complaint. Filing Fee. Receipt number 8595808. Fee Amount $250.00. |
| 4 | 4/29/09 | Order Dismissing Adversary Proceeding for want of prosecution. |
| 5 | 4/30/08 | Adversary Case closed. |
| 6 | 5/5/08 | Notice of Motion and Motion to Vacate. |
| 7 | 5/5/08 | Notice of Motion. |
| 8 | 5/13/08 | Order Denying for the Reasons Stated on the Record. |
| 9 | 5/19/08 | Notice of Motion and First Motion for Relief from Judgment or Order. |
| 10 | 5/19/08 | Notice of Motion. |
| 11 | 5/20/08 | Notice of Motion and Motion to Approve Plaintiff's Motion for Reconsideration of the Court's May 13, 2008 Order. |
| 12 | 5/20/08 | Notice of Motion. |
| 13 | 5/21/08 | Attachment(s) Proposed Order. |
| 14 | 5/21/08 | Appearance Filed by Thomas Twomey on behalf of William P. Remos |
| 15 | 5/23/08 | Notice of Appeal to District Court. |
| 16 | 5/23/08 | Receipt of Notice of Appeal. |
| 17 | 5/27/08 | Order Denying for the Reasons Stated on the Record Motion for Relief From Judgment or Order. |
| 18 | 5/27/08 | Notice of Filing to Bk Judge and Parties on Service List. |
| 19 | | Transcripts of Proceedings from April 29, 2008 |
| 20 | | Transcripts of Proceedings from May 13, 2008 |
| 21 | | Transcripts of Proceedings from May 22, 2008 |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.      Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in dismissing this matter for want of prosecution.

2.      Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate her Complaint against Defendant.

3.      Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Reconsider.

4.      Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in entering the Orders of April 29, 2008 and May 13, 2008 and in announcing the decision on May 22, 2008, which was docketed on May 27, 2008.

Dated: July 18, 2008

Respectfully submitted,

MARISSA CHAPA

By:\_\_ /s/ Katherine L. Haennicke\_\_\_\_
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2008 a copy of the foregoing document was served:

- Electronically filing via court ECF system and mailing, via U.S. Postal Service to the below parties:

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
**Counsel for William Remos**

MARISSA CHAPA


By:   /s/Katherine L. Haennicke
             One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Honorable**  Pamela S. Hollis                    **Hearing Date** April 29, 2008

**Bankruptcy Case No.**        08 B 472           **Adversary No.**        08 A 198

**Title of Case**  Marissa Chapa v. William P. Remos

**Brief
Statement of
Motion**  STATUS HEARING ON COMPLAINT

**Names and
Addresses of
moving
counsel**

**Representing**

**ORDER**

For the reasons stated in open Court,

ENTER ORDERED that the complaint is dismissed for want of prosecution.

*Pamela S Hollis*

cc:    Pete V. Albanis  (electronic notice)

       William P. Remos

6/11/99

**EXHIBIT**

**1**

#324671

7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                                )      Case No. 08 BK 472
                                      )
William Remos,                        )
                                      )      Chapter 7
        Debtor.                       )
_____           )      Honorable Pamela S. Hollis
                                      )      U.S. Bankruptcy Judge
MARISSA CHAPA,                        )
                                      )
        Plaintiff,                    )      Adversary Proceeding No.
                                      )
v.                                    )
                                      )
WILLIAM REMOS,                        )
                                      )
        Defendant.                    )

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Marissa Chapa ("Chapa") for her Complaint against the Debtor/Defendant William Resmos ("Remos"), pursuant to Section 523(a)(2)(A) and (a)(6) of the United States Bankruptcy Code, state as follows:

**I.    Jurisdiction and Venue**

1.    This case was commenced on January 10, 2008 when Remos filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

2.    Plaintiff Marissa Chapa is a resident of Wood Dale, Illinois and a creditor of Remos, as a result of a judgment obtained against Remos in the amount of $16,517.30 plus interest and costs.

3.    This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and venue is proper because the claim arose in the Northern District of Illinois.

## II.    Factual Background

4.    Chapa is a creditor of Remos as a result of a state court judgment obtained against Remos in the amount of $16,517.30 plus interest and costs, which was perfected through the service of a citation to discover assets on the judgment debtor.

5.    Said judgment was entered in favor of the Chapa and against Remos in the case entitled *Chapa v. Remos*, Case No. 2007 M1 129859 in the Circuit Court of Cook County, Illinois, Municipal Division.  Said judgment was granted on Counts I and II of Chapa's Complaint, alleging breach of promissory note and fraud.  (The Complaint is attached hereto as Exhibit 1).

6.    On July 17, 2006, Chapa and Remos entered into a Promissory Note.  (A true and accurate copy of the Note is attached as Exhibit A to the Complaint).  Pursuant to the terms of the note Defendant was to pay $9,000 plus 7% interest by December 17, 2006 or demand of money with a 30-day notice.

7.    On July 27, 2006, Chapa and Remos amended to note to reflect additional amount borrowed by Remos.  (A true and accurate copy of the Note is attached as Exhibit B to the Complaint).  Pursuant to the terms of the note Defendant was to pay $13,000 plus 7% interest by December 17, 2006 or demand of money with a 30 day notice.

8.    On several occasions, Chapa demanded payment from Remos.

9.    Remos breached his contractual obligations by unreasonably refusing to fulfill the terms and obligations under the Promissory note and refusing to pay the amount due and owing under the Promissory Note.

10.    Remos willfully and intentionally mislead Chapa by misinforming her as to the following:

    (a)    He intended to execute a loan in order to pay Chapa pursuant to the terms of the Promissory Note;

    (b)    He needed to borrow an additional $1200 in order to purchase insurance to cover the loan; and

    (c)    He intended to use the additional $1200 he borrowed from Chapa to secure the insurance and loan to pay her pursuant to the Promissory Note.

11.    As a direct and proximate result of one or more of the aforementioned statements by Remos, Chapa lent an additional $1,200 to Remos to secure the insurance and loan so that she could get paid.

12.    Remos never intended to use the money to secure any insurance or any loan. Instead, upon information and belief, Remos used the money for other means.

13.    The facts described above formed the basis for the judgment entered by the Circuit Court of Cook County in favor of Chapa and against Remos in the lawsuit described in Paragraph 5 above.

14.    On May 31, 2007, the Illinois State Court entered a Judgment Order in favor of Chapa and against Remos on all counts of the Complaint in the amount of $16,517.30, which remains unpaid. (Said judgment order is attached as Exhibit 2).

15.    Remos was subsequently served with a Citation to Discover Assets with respect to said judgment to appear on October 24, 2007. Said Citation was filed on October 3, 2007.

- 3 -

16.    Upon borrowing the original amount, Remos represented to Chapa that he was going to use the funds to pay off a tax liability debt owed to the Internal Revenue Service.

17.    Upon information and belief, Remos did not pay off any monies owed to the IRS.

18.    Remos maliciously and willfully defrauded Chapa by intentionally representing that he was using the funds to pay off the IRS debt, but instead used them for his personal benefit. Remos maliciously and willfully defrauded Chapa again by intentionally representing he was borrowing additional money to secure a loan to pay off the entire amount owed to Chapa.

## COUNT I
### (Complaint To Determine Dischargeability Of Debt)
### 11 U.S.C. § 523 (a)(2)(A) and (a)(6)

19.    Section 523 (a)(2)(A) prevents a debtor from receiving a discharge with respect to any debt:

> (2)    for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –
>
> > (A)    false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

20.    Section 523(a)(6) prevents a debtor from receiving a discharge with respect to any debt:

> (6)    for willful and malicious injury by the debtor to another entity or to the property of another entity.

21.    Remos represented that the original funds he borrowed was to pay off a tax liability to the Internal Revenue Service. In addition, Remos represented that the additional money he was borrowing was to secure a loan to pay off his debt to Chapa.

22.    Chapa relied on Remos's representations that he would pay off the IRS and subsequently, that he was obtaining a loan to pay off Chapa. Remos never intended to pay off the IRS liability or to obtain a loan to pay Chapa.

- 4 -

23. The actions of Remos were taken with the intent to deceive and defraud Chapa and to hinder, delay and defraud her out of her rights.

24. As a result, the Illinois State Court entered judgment in favor of the Chapa and against Remos in the amount of $16,517.30 plus costs.

25. As a result of this bankruptcy, new information has come to light to show additional fraud. Remos represented to Chapa that he was borrowing the funds to pay of a debt to the IRS

26. Chapa has demonstrated all of the necessary elements to establish that said judgment constitutes an exception to discharge pursuant to Sections 523(a)(2)(A) and 523(a)(6) of the U.S. Bankruptcy Code.

WHEREFORE, Marissa Chapa prays that an order be entered directing that the judgment entered in favor of her and against William Remos in the amount of $16,517.30 plus interest, costs and attorneys' fees, be held non-dischargeable and for such further relief as this Court deems proper.

MARISSA CHAPA

By:   /s/Panagiotis Albanis
         One of Her Attorneys

Panagiotis Albanis
James K. Borcia
Katherine L. Haennicke
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

- 5 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 4, 2008 a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

**Counsel for William Remos**


By:   /s/Panagiotis Albanis
          One of Her Attorneys


- 6 -

#308550                     Firm No. 14503                    7751-1

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – MUNICIPAL DIVISION

MARISSA CHAPA,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )   No.    20071129859
                                  )          CALENDAR/ROOM 1102
WILLIAM REMOS,                    )   Amount Claimed: $13,000 + interest, costs and
                                  )   attorney's fees
            Defendant.            )          PD: 5/2/7

## COMPLAINT

NOW COMES the Plaintiff, MARISSA CHAPA, by and through her attorneys,

TRESSLER SODERSTROM MALONEY & PRIESS LLP, and for its Complaint for Breach of

Contract, and Common Law Fraud against the Defendant, WILLIAM REMOS, complains as

follows:

### JURISDICTION AND VENUE ALLEGATIONS

1.    Plaintiff, Marissa Chapa, ("Chapa"), is an individual residing in Wood Dale, IL

60191.

2.    Defendant, William Remos ("Defendant") is an individual, upon information and

belief, residing at 5774 N. Oleander; Chicago, Illinois 60631.

3.    This Court has proper jurisdiction over the Defendant pursuant to 735 ILCS §5/2-

209 as he resides within the State of Illinois.

4.    Venue is proper in this court pursuant to 735 ILCS 5/2-101.



EXHIBIT
1

T S M & P
RECEIVED
APR 0 6 2007
DIARIED_____ DOCKETED_____
ATTY. 7751-1-51-CSS

## BACKGROUND

5    On July 17, 2006, Chapa and Remos entered into a Promissory Note. (A true and accurate copy of the Note is attached as Exhibit A and incorporated herein). Pursuant to the terms of the note Defendant was to pay $9,000 plus 7% interest by December 17, 2006 or demand of money with a 30 day notice.

6.    On July 27, 2006, Chapa and Remos amended to note to reflect additional amount borrowed by Remos. (A true and accurate copy of the Note is attached as Exhibit B and incorporated herein). Pursuant to the terms of the note Defendant was to pay $13,000 plus 7% interest by December 17, 2006 or demand of money with a 30 day notice.

7.    On several occasions, Chapa demanded payment from Remos.

8.    On December 19, 2006, a letter was sent to Remos demanding payment pursuant to the terms of the Promissory note. (A Copy of that letter is attached hereto as Exhibit C). Counsel sent another letter on February 15, 2007. (A Copy of that letter is attached hereto as Exhibit D).

9.    As of March 15, 2007, Remos has not yet paid pursuant to the terms of the July 27, 2006 Promissory Note.

## COUNT I
## BREACH OF CONTRACT

10.    Chapa adopts and realleges Paragraph 1 through 9 of this Complaint as though fully set forth herein.

11.    At all times, Chapa has fulfilled her obligations under the Promissory note.

12.    Remos breached his contractual obligations by unreasonably refusing to fulfill the terms and obligations under the Promissory note and refusing to pay the amount due and owing under the Promissory Note.

13.    As a result of this breach, Chapa had been damaged due to the failure to pay the original amount plus interest.

WHEREFORE, Plaintiff, MARISSA CHAPA, respectfully requests that this Court enter judgment in her favor and against Defendant, WILLIAM REMOS in an amount in excess of $13,000 as required by the terms of the Promissory Note plus interest and costs and for such other and further relief as this Court deems just and proper.

## COUNT II
## COMMON LAW FRAUD

14.    Plaintiff incorporates herein paragraphs 1 through 13 above as though fully set forth hereing .

15.    Upon information and belief, Remos willfully and intentionally mislead Chapa by misinforming her as to the following:

(a)    He intended to execute a loan in order to pay Chapa pursuant to the terms of the Promissory Note;

(b)    He needed to borrow an additional $1200 in order to purchase insurance to cover the loan; and

(c)    He intended to use the additional $1200 he borrowed from Chapa to secure the insurance and loan to pay her pursuant to the Promissory Note.

16.    As a direct and proximate result of one or more of the aforementioned statements by Remos, Chapa lent an additional $1,200 to Remos to secure the insurance and loan so that she could get paid.

17.    Upon information and belief, Remos never intended to use the money to secure any insurance or any loan.  Instead, upon information and belief, Remos used the money for other means.

18.    As a direct and proximate result of one or more of the aforementioned statements by Remos, Chapa also was forced to incur attorneys' fees and costs in pursuing this lawsuit.


WHEREFORE, Plaintiff, MARISSA CHAPA respectfully requests for judgment to be entered against WILLIAM REMOS for an amount to be determined at trial plus costs, attorneys' fees and any other relief this Court may deem just.

MARISSA CHAPA

By: _____

One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
TRESSLER, SODERSTROM, MALONEY & PRIESS LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

Promissory Note

I William Remos, 5774 N. Oleander Chicago, Illinois 60631, individually, promise to pay back to the order of Marissa Chapa, 429 N. Hemlock, Wood Dale, IL 60191, the amount of $9,000 plus 7% interest by December 17, 2006 or demand of money, with a 30 day notice.

In the event that the sum is not paid back in the allotted time and the matter is taken to court then William Remos will also pay back any extra interest incurred, time lost from work and lawyer fees.

Date of money issued: July 17, 2006
Location:
Bensenville, IL 60106

Name of borrower:
William Remos
5774 N. Oleander
Chicago, IL 60631

Signature: _____

Name of lender:
Marissa Chapa
429 N Hemlock
Wood Dale, IL 60191

Signature: _____

Witness name: Adrienne Casanas
Witness signature: _____

"OFFICIAL SEAL"
ADRIENNE CASANAS
Notary Public, State of Illinois
My Commission Expires 08/18/06

EXHIBIT
A

Promissory Note (updated)

I William Remos, 5774 N. Oleander Chicago, Illinois 60631, individually promise to pay back to the order of Marissa Chapa, 429 N Hemlock, Wood Dale, IL 60191 the total amount of $13,000.00 plus 7% interest by December 17, 2006 or demand of money with a 30 day notice.

In the event that the sum is not paid back in the allotted time and the matter is taken to court, William Remos will also pay back any extra interest incurred, time lost from work and lawyer fees.

Date of money issued: July 27, 2006
Location:
Bensenville, IL 60106

Name of borrower:
William Remos
5774 N. Oleander
Chicago, IL 60631

Signature:

Name of lender:
Marissa Chapa
429 N Hemlock
Wood Dale, IL 60191

Signature: Marissa Chapa

Witness name: Adrienne Casanas
Witness signature:

**EXHIBIT**

**B**



**TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP**

ATTORNEYS AT LAW

Sears Tower, 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606-6399

312/627-4000
Fax 312/627-1717

www.tsmp.com

Katherine L. Haennicke
312-627-4131
khaennicke@tsmp.com

December 19, 2006

**VIA U.S. MAIL – RETURN RECEIPT REQUESTED**
Mr. William Remos
5774 N. Oleander
Chicago, Illinois 60631

Re: Promissory Note dated July 27, 2006

Dear Mr. Remos:

I am writing on behalf of Ms. Marissa Chapa. As you are aware, the above referenced Promissory Note came due on December 17, 2006. Pursuant to its terms, you were required to pay a total of $13,980.00 to fulfill your obligations under the Promissory Note. In addition, Ms. Chapa recently loaned you an additional $1,200 to obtain a loan expressly for the purpose of fulfilling the terms of the initial Agreement. The total amount due and owing is now $15,180.00.

As of today, December 19, 2006, Ms. Chapa has not yet received payment. As a result, we are forced to pursue all leg[...] [...]ies available to Ms. Chapa. Such remedies could include but are not limited to filing a la[...] [...]hich could include a count for constructive trust to obtain the loan proceeds. We may see[...] temporary restraining order so that the funds are not transferred to a third party, and if they a[...] we will consider adding that third party to the lawsuit as well.

Ms. Chapa stated that you may have a lawyer. If so, please have him contact me immediately so that I may send all further communications to him. If I do not hear from him, I will assume you do not have representation and will continue to communicate directly with you.

In one last final attempt to resolve this amicably, please contact me, either directly or through counsel by December 22, 2006 so that we may discuss this situation further.

Yours truly,

Katherine L. Haennicke

CC: Ms. Marissa Chapa (via e-mail)
#302082



EXHIBIT
C

BOLINGBROOK, ILLINOIS

LOS ANGELES, CALIFORNIA

WHEATON, ILLINOIS

NEWARK, NEW JERSEY

ORANGE COUNTY, CALIFORNIA

NEW YORK, NEW YORK



**TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP**

ATTORNEYS AT LAW

Sears Tower, 22nd Floor
233 S. Wacker Drive
Chicago, Illinois 60606-6399
312/627-4000
Fax 312/627-1717
www.tsmp.com

Katherine L. Haennicke
312-627-4131
khaennicke@tsmp.com

February 15, 2007

**VIA U.S. MAIL – RETURN RECEIPT REQUESTED**

Mr. William Remos
5774 N. Oleander
Chicago, Illinois 60631

Re: Promissory Note dated July 27, 2006

Dear Mr. Remos:

I am writing on behalf of Ms. Marissa Chapa. As you are aware, the above referenced Promissory Note came due on December 17, 2006. Pursuant to its terms, you were required to pay a total of $13,980.00 to fulfill your obligations under the Promissory Note. In addition, Ms. Chapa recently loaned you an additional $1,200 to obtain a loan expressly for the purpose of fulfilling the terms of the initial Agreement. The total amount due and owing is now $15,180.00.

As of today, February 15, 2007, Ms. Chapa has not yet received payment. As a result, we are forced to pursue all legal remedies available to Ms. Chapa. Such remedies could include but are not limited to filing a lawsuit, which could include a count for constructive trust to obtain the loan proceeds. We may seek a temporary restraining order so that the funds are not transferred to a third party, and if they are, we will consider adding that third party to the lawsuit as well.

Ms. Chapa stated that you may have a lawyer. If so, please have him contact me immediately so that I may send all further communications to him. If I do not hear from him, I will assume you do not have representation and will continue to communicate directly with you.

In one last final attempt to resolve this amicably, please contact me, either directly or through counsel immediately so that we may discuss this situation further.

Yours truly,

Katherine L. Haennicke

**EXHIBIT**
D

Order/Trial Call   (This form replaces CCMJ-0643)                    CCM N346-50M-8/09/04 (43480658)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ MUNICIPAL DISTRICT

LINE NO. *87*

*Chapa*

v.

*Kemos*

} No. *07 M1 129859*

### TRIAL CALL ORDER

Present before the Court:  ☐ Plaintiff(s)  ☐ Defendant(s)  ☒ Plaintiff(s)' Counsel  ☐ Defendant(s)' Counsel

THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

IT IS HEREBY ORDERED:

4213  ☐  Alias Summons to Issue for _____

4292  ☐  Amended Complaint or Petition - Allowed _____

4295  ☐  Close Discovery - Allowed _____

4235  ☐  File Counterclaim or Cross Complaint - Allowed _____

4234  ☐  File Appearance or Jury Demand Answer or Plead Allowed _____

4219  ☐  Defendant _____ is defaulted; cause set for

4247  ☐  PROVE-UP on _____, _____ at _____ a.m./p.m.

4406  ☐  Set for STATUS. All parties must appear _____, _____ at _____ m. in Room _____

4482  ☐  Set for TRIAL on _____, _____ at _____ m. in Room _____

8005  ☐  Case Dismissed for Want of Prosecution

8011  ☐  Case Dismissed by Agreement of Parties/No Cost  ☐ With  ☐ Without Prejudice

8031  ☒  X-Parte Default Judgment for Plaintiff for $ *16,517.30* v. *Kemos*
                                                                    (Defendant)

8001  ☐  Judgment for Plaintiff after trial for $ _____ with costs assessed v. _____
                                                                    (Defendant)

4293  ☒  Assess Costs - Allowed

8002  ☐  Judgment for Defendant _____ after trial

9207  ☐  it being further agreed that installment payments be made as follows: _____

( )  ☐  _____

9208  ☒  Order Final and Appealable

( )  ☐  See Attached Order: _____

4304    The date of _____ is hereby stricken.

Atty. No. *14503*

Name: *Freeborn, Reifsnitting, Markey + Rosser LLP*

Atty. for: *Π*

Address: *233 S Wacker 30th floor*

City/State/Zip: *Chicago IL 60606*

Telephone: *(312) 827-4000*

ENTERED:

Judge Lawrence O'...

Dated: MAY 3 1 2007

_____
Judge

_____
Judge's No.

EXHIBIT
2

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### U.S. Bankruptcy Court
**Northern District of Illinois**

In re:

Bankruptcy Case No. **08-00472**

WILLIAM P. REMOS AND MARISSA CHAPA

Debtor

Adversary Proceeding No. **08-00198**

MARISSA CHAPA

Plaintiff

v.

WILLIAM P. REMOS

Defendant

#### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to complaint which is attached to this summon to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk |
| --- |
| **Clerk, U.S. Bankruptcy Court**<br>**Northern District of Illinois**<br>**219 S Dearborn**<br>**Chicago, IL 60604** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney:

| Name and Address of Plaintiff's Attorney |
| --- |
| **Pete V Albanis**<br>**233 South Wacker Drive 22nd Floor**<br>**Chicago, IL 60606** |

f you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

YOU ARE NOTIFIED that a status hearing has been set at the following time and place:

| Address | |
| --- | --- |
| **Dirksen Federal Building**<br>**219 South Dearborn**<br>**Courtroom 644**<br>**Chicago IL 60604** | **Status Hearing Date and Time**<br>**04/29/2008 at 10:30AM** |

F YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.



Kenneth S. Gardner, Clerk Of Court

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Honorable**   Pamela S. Hollis                    **Hearing Date** April 29, 2008

**Bankruptcy Case No.**   08 B 472          **Adversary No.**   08 A 198

**Title of Case**  Marissa Chapa v. William P. Remos

**Brief Statement of Motion**   STATUS HEARING ON COMPLAINT

**Names and Addresses of moving counsel**

**Representing**

## ORDER

For the reasons stated in open Court,

ENTER ORDERED that the complaint is dismissed for want of prosecution.

*Pamela S Hollis*

cc:    Pete V. Albanis  (electronic notice)

William P. Remos

6/11/99

KH/#326051

7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| William Remos, ) | Case No. 08 BK 472 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| MARISSA CHAPA, ) | Honorable Pamela S. Hollis |
| ) | U.S. Bankruptcy Judge |
| Plaintiff, ) | |
| ) | Adversary No. 08 A 198 |
| v. ) | |
| ) | |
| WILLIAM REMOS, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO VACATE ORDER OF APRIL 29, 2008,
### REOPEN ADVERSARY PROCEEDING AND REINSTATE COMPLAINT

NOW COMES Plaintiff, MARISSA CHAPA ("Chapa"), moves this Honorable Court to vacate the Order of April 29, 2008, Reopen Adversary Proceeding, and Reinstate the Complaint against Defendant, WILLIAM REMOS ("Remos"). In support of such motion states as follows:

### I.    INTRODUCTION

1.    On April 4, 2008, Chapa filed the lawsuit against Remos.

2.    This matter was set for a return date of April 29, 2008 and an initial status date of April 29, 2008.

3.    Due to an unintentional oversight, counsel for Chapa failed to appear at the hearing on April 29, 2009.

4.    Chapa respectfully requests that the DWP entered on April 29, 2008 be vacated, the adversary proceeding be reopened and that her Complaint against Remos be reinstated.

5.　Counsel spoke to Judge Hollis' courtroom deputy and she informed counsel that the case was dismissed for want of prosecution and advised counsel to file a motion to vacate the DWP.

6.　Remos will not be prejudiced by the granting of this motion as Remos has yet to file an answer to the Complaint.

WHEREFORE, Plaintiff, MARISSA CHAPA prays for an order from this Honorable Court vacating the order of April 29, 2008, reopening the adversary proceeding, and reinstating her Complaint against Defendant, WILLIAM REMOS.

MARISSA CHAPA


By:　/s/Panagiotis Albanis
One of Her Attorneys

James K. Borcia
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

2

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 5, 2008 a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filing via court ECF system:

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

**Counsel for William Remos**

MARISSA CHAPA

By: ___/s/Panagiotis Albanis_____
          One of Her Attorneys

James K. Borcia
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

3

KH1/cic/326117                                                    7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| _____ | ) | Chapter 7 |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO:    **SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on the **13th day of May, 2008 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela Hollis or any judge sitting in her stead, in the courtroom usually occupied by her in Room 644 of the United States District Courthouse, Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 shall then and there present a **Motion to Vacate Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate Complaint,** a copy of which is attached hereto and hereby served upon you.

MARISSA CHAPA


By:   /s/Panagiotis Albanis
                One of Her Attorneys

James K. Borcia
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## SERVICE LIST

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

**Counsel for William Remos**

326118

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

KH/#326900

7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| _____ | ) | Chapter 7 |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2008 ORDER DENYING HER MOTION TO VACATE ORDER OF APRIL 29, 2008, REOPEN ADVERSARY PROCEEDING AND REINSTATE COMPLAINT

Plaintiff, MARISSA CHAPA ("Chapa"), hereby moves this Honorable Court to Reconsider its May 13, 2008 order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding, and Reinstate the Complaint against Defendant, WILLIAM REMOS ("Remos"). In support of such motion states as follows:

### INTRODUCTION

1. On April 4, 2008, Plaintiff filed her adversary proceeding against the debtor, William Remos.

2. Upon filing the motion, secretary for counsel to the Plaintiff did not get the

1

payment screen. Upon contacting the clerk, secretary for counsel to the Plaintiff was informed she would have to bring a check to the Northern District of Illinois Bankruptcy Court as soon as possible. Counsel also learned that the date for the appearance on the status of the summons may be changed.

3.    Shortly after receiving the April 29, 2008 order, counsel filed a Motion to Vacate the order, reopen adversary proceedings and reinstate complaint. The motion was filed on May 5, 2008, which was the fourth business day after the order was entered.

4.    The hearing for the Motion to Vacate was set for May 13, 2008. At this hearing, counsel for the debtor stated that they did not receive proper notice because they had yet to appear or answer in the adversary proceeding.

5.    Counsel for the debtor also argued that to allow this matter would be outside the time of filing the adversary proceeding, and therefore the motion to vacate should not be granted due to the purported prejudice to defendant.

6.    Lastly, the Court relied on the fact that counsel for the Plaintiff mistakenly did not appear on April 29, 2008.

## ARGUMENT

7.    Rule 41 of the Federal Rules of Civil Procedure applies to adversary proceedings. Fed.Rul.Bank.P. 7041. Therefore case law regarding Fed.R.Civ.P. 41 is applicable in the matter at hand.

8.    Dismissal for want of prosecution is an "undeniably harsh sanction, having the procedural effect of an adjudication on the merits against the plaintiff." *In the Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). This penalty is so severe that it must be allowed only in extreme situations such as when there is a "*clear record of delay* or

contumacious conduct, or when other less drastic sanctions have proven unavailing." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)(emphasis original), quoting *Webber v. Eye Corporation*, 721 F.2d 1067, 1069 (7th Cir. 1983).

9.    In addition, the Seventh Circuit has repeatedly held that the district court may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. *Sharif v. Wellness Intern. Network, Ltd*, 376 F.3d 720 (7th Cir. 2004).

10.    It was a manifest error of law or fact and/or a mistake by the Court to dismiss this cause of action without an explicit warning to the Plaintiff and to not grant Plaintiff's Motion to Vacate the Dismissal and reopen the proceedings.

11.    First, the Court entertained the objections of a party who, by their own admission, had not appeared or answered in this matter. The party therefore did not have standing to object. Additionally, this party clearly would not have been prejudiced by the granting of the motion to vacate as it was still within the time period for the debtor to answer or otherwise plead.

12.    Although the time to file an adversary proceeding had passed, this argument is a red herring. The adversary proceeding in question was filed within the appropriate time period. The Court would be reopening the original matter, not allowing a new matter to be filed. The matter at hand would relate back to the original adversary complaint, not any newly filed complaint.

13.    Lastly, counsel inadvertently missed the first court date. Due to system errors, the original date of April 29, 2008 was not docketed within counsel's docketing system. As such, counsel was unaware of the appearance date. Counsel sincerely apologizes to the Court for missing the very first status date in the adversary proceedings, but affirmatively states that it was not intentional.

3

14.    Clearly the above mistake does not rise to the level of *"clear record of delay* or contumacious conduct" and other less drastic sanctions have not proven unavailing as no other sanctions have occurred in this matter.  This was the first time counsel committed an inadvertent mistake of not appearing in court for the very first status appearance.

15.    Counsel affirmatively states that the facts in this motion are true and accurate to the best of their knowledge.

## CONCLUSION

WHEREFORE, Plaintiff, Marissa Chapa, respectfully requests that this Court grant her Motion To Reconsider, enter an order vacating the April 29, 2008 order, Reopen Adversary Proceeding, and Reinstate the Complaint against Defendant, and for such additional relief that this Court deems just and proper.

Dated: This <u>19th</u> day of <u>May</u>, 2008.

MARISSA CHAPA


By:   <u>/s/Panagiotis Albanis</u>
            One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 19, 2008 a copy of the foregoing document was served upon the counsel of record listed by:

- Electronically filed, with service via U.S. MAIL to the below individuals:

William T Neary
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
U.S. Trustee

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
Trustee

Kerrie S Neal
Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

Counsel for William Remos

MARISSA CHAPA


By:  /s/ Panagiotis Albanis
        One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

KH1/cic/326117

7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| ─────────────────── | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO:    **SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on the **22nd day of May, 2008 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela Hollis or any judge sitting in her stead, in the courtroom usually occupied by her in Room 644 of the United States District Courthouse, Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 shall then and there present a **Motion for Reconsideration of the Court's May 13, 2008 Denying Her Motion to Vacate Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate Complaint,** a copy of which is attached hereto and hereby served upon you.

MARISSA CHAPA

By:___/s/Panagiotis Albanis_____
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## SERVICE LIST

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Kerrie S Neal**
**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

**Counsel for William Remos**

326118

KH/#326900

7751-1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| ——————————— | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| | ) | Adversary No. 08 A 198 |
| v. | ) | |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 13, 2008 ORDER

Plaintiff, MARISSA CHAPA ("Chapa"), hereby moves this Honorable Court to Reconsider its May 13, 2008 order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure in which it denied her Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding, and Reinstate the Complaint against Defendant, WILLIAM REMOS ("Remos"). In support of such motion states as follows:

## INTRODUCTION

1.    On April 4, 2008, Plaintiff filed her adversary proceeding against the debtor, William Remos.

2.    Upon filing the motion, secretary for counsel to the Plaintiff did not get the payment screen. Upon contacting the clerk, secretary for counsel to the Plaintiff was informed

1

she would have to bring a check to the Northern District of Illinois Bankruptcy Court as soon as possible. Counsel also learned that the date for the appearance on the status of the summons may be changed.

3.    Shortly after receiving the April 29, 2008 order, counsel filed a Motion to Vacate the order, reopen adversary proceedings and reinstate complaint. The motion was filed on May 5, 2008, which was the fourth business day after the order was entered.

4.    The hearing for the Motion to Vacate was set for May 13, 2008. At this hearing, counsel for the debtor stated that they did not receive proper notice because they had yet to appear or answer in the adversary proceeding.

5.    Counsel for the debtor also argued that to allow this matter would be outside the time of filing the adversary proceeding, and therefore the motion to vacate should not be granted due to the purported prejudice to defendant.

6.    Lastly, the Court relied on the fact that counsel for the Plaintiff mistakenly did not appear on April 29, 2008.

## ARGUMENT

7.    Rule 41 of the Federal Rules of Civil Procedure applies to adversary proceedings. Fed.Rul.Bank.P. 7041. Therefore case law regarding Fed.R.Civ.P. 41 is applicable in the matter at hand.

8.    Dismissal for want of prosecution is an "undeniably harsh sanction, having the procedural effect of an adjudication on the merits against the plaintiff." *In the Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). This penalty is so severe that it must be allowed only in extreme situations such as when there is a "*clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Pyramid*

2

*Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)(emphasis original), quoting *Webber v. Eye Corporation*, 721 F.2d 1067, 1069 (7th Cir. 1983).

9.      In addition, the Seventh Circuit has repeatedly held that the district court may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. *Sharif v. Wellness Intern. Network, Ltd*, 376 F.3d 720 (7th Cir. 2004).

10.      It was a manifest error of law or fact and/or a mistake by the Court to dismiss this cause of action without an explicit warning to the Plaintiff and to not grant Plaintiff's Motion to Vacate the Dismissal and reopen the proceedings.

11.      First, the Court entertained the objections of a party who, by their own admission, had not appeared or answered in this matter. The party therefore did not have standing to object. Additionally, this party clearly would not have been prejudiced by the granting of the motion to vacate as it was still within the time period for the debtor to answer or otherwise plead.

12.      Although the time to file an adversary proceeding had passed, this argument is a red herring. The adversary proceeding in question was filed within the appropriate time period. The Court would be reopening the original matter, not allowing a new matter to be filed. The matter at hand would relate back to the original adversary complaint, not any newly filed complaint.

13.      Lastly, counsel inadvertently missed the first court date. Due to system errors, the original date of April 29, 2008 was not docketed within counsel's docketing system. As such, counsel was unaware of the appearance date. Counsel sincerely apologizes to the Court for missing the very first status date in the adversary proceedings, but affirmatively states that it was not intentional.

14.      Clearly the above mistake does not rise to the level of "*clear record of delay* or

3

contumacious conduct" and other less drastic sanctions have not proven unavailing as no other sanctions have occurred in this matter. This was the first time counsel committed an inadvertent mistake of not appearing in court for the very first status appearance.

15. Counsel affirmatively states that the facts in this motion are true and accurate to the best of their knowledge.

## CONCLUSION

WHEREFORE, Plaintiff, Marissa Chapa, respectfully requests that this Court grant her Motion To Reconsider, enter an order vacating the April 29, 2008 order, Reopen Adversary Proceeding, and Reinstate the Complaint against Defendant, and for such additional relief that this Court deems just and proper.

Dated: This 20th day of May, 2008.

MARISSA CHAPA


By:  /s/Panagiotis Albanis
         One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 20, 2008 a copy of the foregoing document was served upon the counsel of record listed by the below identified method:

- Electronically filed, with service via U.S. MAIL AND FACSIMILE (unless otherwise indicated) to the below individuals:

William T Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn
Room 873
Chicago, Illinois 60604
Fax: 312-886-5794
U.S. Trustee

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
Fax: 312-876-0288
Trustee

Kerrie S Neal
Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
Fax: 312-782-0483
Counsel for William Remos

William Remos (Via U.S. Mail only)
5774 N. Oleander
Chicago, Illinois 60631

MARISSA CHAPA

By:  __/s/ Panagiotis Albanis_____
One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

KH1/#326994                                                                            7751-1

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO:    **SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on the **22nd day of May, 2008 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela Hollis or any judge sitting in her stead, in the courtroom usually occupied by her in Room 644 of the United States District Courthouse, Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604 shall then and there present a **Motion for Reconsideration of the Court's May 13, 2008 Order,** a copy of which is attached hereto and hereby served upon you.

MARISSA CHAPA


By:   /s/Panagiotis Albanis
                    One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

## SERVICE LIST

William T Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn
Room 873
Chicago, Illinois 60604
Fax: 312-886-5794
U.S. Trustee

Kerrie S Neal
Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792
Fax: 312-782-0483
Counsel for William Remos

326118

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
Fax: 312-876-0288
Trustee

William Remos (Via U.S. Mail only)
5774 N. Oleander
Chicago, Illinois 60631

KH/#327069

7751-1

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Remos, | ) | |
| | ) | Case No. 08 BK 472 |
| Debtor. | ) | |
| | ) | Chapter 7 |
| ———————————— | ) | |
| MARISSA CHAPA, | ) | |
| | ) | Honorable Pamela S. Hollis |
| Plaintiff, | ) | U.S. Bankruptcy Judge |
| | ) | |
| v. | ) | Adversary No. 08 A 198 |
| | ) | |
| WILLIAM REMOS, | ) | |
| | ) | |
| Defendant. | ) | |

### PROPOSED ORDER

THIS CAUSE, having come before the Court on the Matter of Plaintiff's Motion to

Reconsider, due notice having been given and the Court fully advised of the premises herein:

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Reconsider is granted.

2. The Court vacates its Order of April 29, 2008 and vacates the dismissal for want of prosecution.

3. The Court hereby reopens the Adversary Proceeding of Chapa v. Remos, 08 AP 198.

4. The Court reinstates the complaint filed by Chapa against Remos.


BY THE COURT


_____
Honorable Pamela Hollis


Date: _____

1

APPEARANCE

# United States Bankruptcy Court

For the ___Northern___ District of ___Illinois___

In re

Debtor* __William Remos__

No. 08 A 00198

I, THE UNDERSIGNED, HEREBY FILE MY APPEARANCE AS ATTORNEY FOR

__William Remos__

__Thomas Twomey__
Print Name on this Line

__/S/ Thomas Twomey__
Signature

ATTORNEY ID NUMBER: __627-3191__

__Zalutsky & Pinski__
Firm Name

FIRM ID NUMBER: __3101428__

__20 N. Clark St, Suite 600__
Street Address

__Chicago, IL  60602__
City          State          Zip

Telephone __312-782-9792__

_____ Trial Attorneys*

_____
Print Name

*Request is made for trial attorney to avoid possible conflicts in scheduling.

DATED: _____

TYPE OF DEFENSE COUNSEL:

CJA _____, RETAINED _____, SELF _____, NONEOTHER _____, PUB DEF _____

FOR OFFICE USE ONLY:

Party Code: P _____ D _____ TP _____

U.S. GOVERNMENT PRINTING OFFICE: 1983—807-325

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )
William Remos,                      )
                                    )       Case No.: 08 BK 472
            Debtor.                 )
_____     )       Chapter 7
                                    )
MARISSA CHAPA,                      )
                                    )       Honorable Pamela S. Hollis
            Plaintiff,              )       U.S. Bankruptcy Judge
                                    )
v.                                  )       Adversary No. 08 A 198
                                    )
WILLIAM REMOS,                      )
                                    )
            Defendant.              )

## NOTICE OF APPEAL TO DISTRICT COURT

PLEASE TAKE NOTICE, that Marissa Chapa, the Plaintiff, appeals under 28 U.S.C.

158(a)(1), from orders dated April 29, 2008 and May 13, 2008, attached hereto and order from

May 22, 2008 announced in Court, of the Bankruptcy Judge Pamela S. Hollis, entered in the

adversary proceeding, ordering: 1) the dismissal for want of prosecution; 2) denial of Plaintiff's

Motion Vacate a Order of April 29, 2008, Reopening the adversary proceeding, and Reinstating

her Complaint against Defendant; and 3) denial of Plaintiff's Motion to Reconsider, respectively.

(See Order, Exhibit 1 and  Notice of Electronic Filing of Order, Exhibit 2).

Attached hereto is Plaintiff's Statement of Election, requesting her appeal to be heard by

the District Court pursuant to 28 U.S.C. §158(c)(1).  (See Statement, Exhibit 3).

The names of all other parties to the order appealed from and the names, address and

telephone numbers of their respective attorneys are as follows:

William Remos, the Debtor
5774 N. Oleander
Chicago, Illinois 60631

Thomas Twomey
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
Phone: 312-782-9792
Fax: 312-782-0483
Counsel for William Remos

William T Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn
Room 873
Chicago, Illinois 60604
Phone: 312-886-5785
Fax: 312-886-5794
U.S. Trustee

Barry A Chatz
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
Phone: 312-876-6670
Fax: 312-876-6241
Trustee

                              Respectfully submitted,

                              MARISSA CHAPA


                        By:   /s/ Panagiotis Albanis
                              One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Honorable   Pamela S. Hollis

Hearing Date April 29, 2008

Bankruptcy Case No.   08 B 472

Adversary No.   08 A 198

Title of Case  Marissa Chapa v. William P. Remos

Brief
Statement of
Motion          STATUS HEARING ON COMPLAINT

Names and
Addresses of
moving
counsel

Representing

## ORDER

For the reasons stated in open Court,

ENTER ORDERED that the complaint is dismissed for want of prosecution.

cc:   Pete V. Albanis  (electronic notice)

William P. Remos

6/11/99

**EXHIBIT**
**1**

-----Original Message-----
**From:** USBC_ILNB@ilnb.uscourts.gov [mailto:USBC_ILNB@ilnb.uscourts.gov]
**Sent:** Tuesday, May 13, 2008 11:45 AM
**To:** CourtMail@ilnb.uscourts.gov
**Subject:** Ch- PSH 08-00198 Chapa v. Remos Order on Motion to Vacate

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. Bankruptcy Court

### Northern District of Illinois

Notice of Electronic Filing

The following transaction was received from Austin, Lynda entered on 05/13/2008 at 11:43 AM CDT and filed on 05/13/2008

**Case Name:**     Chapa v. Remos
**Case Number:**   08-00198
**Document Number:** 8

**Docket Text:**
(E)Order Denying for the Reasons Stated on the Record Motion To Vacate (Related Doc # [6]). Signed on 05/13/2008. (Austin, Lynda)

The following document(s) are associated with this transaction:

**Notice will be electronically mailed to:**

Pete V Albanis     palbanis@tsmp.com, tsmpdocket@tsmp.com

**Notice will not be electronically mailed to:**

William P. Remos

,



### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:                              )
                                    )
William Remos,                      )
                                    )     Case No.: 08 BK 472
          Debtor.                   )
                                    )     Chapter 7
_____        )
MARISSA CHAPA,                      )
                                    )     Honorable Pamela S. Hollis
          Plaintiff,                )     U.S. Bankruptcy Judge
                                    )
v.                                  )     Adversary No. 08 A 198
                                    )
WILLIAM REMOS,                      )
                                    )
          Defendant.                )

### STATEMENT OF ELECTION

NOW COMES Plaintiff, MARISSA CHAPA ("Chapa"), for her Statement of Election,

requests that her appeal be heard by the District Court pursuant to 28 U.S.C. §158(c)(1).

Respectfully submitted,

MARISSA CHAPA

By:   /s/ Panagiotis Albanis
          One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000


EXHIBIT
3

## United States Bankruptcy Court
NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604
Kenneth S. Gardner, Bankruptcy Clerk

| | |
|---|---|
| Date | 05/27/2008 |
| Case Number | Chapa v Remos |
| Case Name | 08 A 198 |
| Notice of Appeal Filed | 5/23/2008 |
| Notice of Cross Appeal Filed | |

Dear Sir/Madam:

A Notice of Appeal having been filed pursuant to **Bankruptcy Rule 8002**, please be notified that the Record on Appeal will be transmitted to the United States District Court when the record is complete for the purpose of appeal.

**Bankruptcy Rule 8006** requires that, within ten (10) days of the filing of the Notice of Appeal, the Appellant must file the following with the Clerk of the United States Bankruptcy Court:

- ▸ A Designation of the Content of the Record on Appeal
- ▸ A Statement of the Issues to be presented on Appeal

If the above are not filed within the ten (10) day time period as provided by **Bankruptcy Rule 8006**, the appeal will not be perfected.

Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated. If the party fails to provide the copy of the items designated, the clerk shall prepare the copy at the party's expense.

**Bankruptcy Rule 8006** further states: If the record designated by any party includes a transcript of any proceeding, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and made satisfactory arrangements for payment of its cost.

**Local Rule 9070-1(B)** states: Upon request, parties shall make the exhibits and transcripts or copies thereof available to any other party to copy at its expense.

By Deputy Clerk

cc: Bankruptcy Judge & Attorneys of Record

Revised (1/31/08)rj

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Chapa v. Remos,                    )  No. 08 B 00427
                                   )  No. 08 A 00198
                                   )  Chicago, Illinois
                                   )  10:00 a.m.
                                   )  May 13, 2008

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE JUDGE PAMELA S. HOLLIS

APPEARANCES:

For Marissa Chapa:            Mr. Pete V. Albanis;

For Adversary Plaintiff:      Ms. Tiffany Quinn;

Court Reporter:               Nicole Abbate
                              U.S. Courthouse
                              219 South Dearborn
                              Room 661
                              Chicago, IL  60604.

2

1           THE CLERK:  William and Marissa Chapa.

2    08 B 472 and 08 A 198.

3           MR. ALBANIS:  Good morning, Your

4    Honor.  Pete Albanis on behalf of the adversary

5    plaintiff.

6           MS. QUINN:  Tiffany Quinn on behalf of

7    debtor.

8           THE COURT:  I've got your motion.

9           The case appears to be closed.

10           We don't need a reopening fee.

11           THE CLERK:  I need a reopening fee for

12    further hearing if you grant it.

13           MS. QUINN:  Your Honor, I'm opposing

14    the motion to vacate.

15           The moving creditor, you know, did not

16    show up on the status hearing so it was dismissed.

17           They allege in the motion that my

18    client will not be prejudiced since the deadline to

19    file the complaint has passed.  Obviously if this

20    most is granted, my client, you know, would be to his

21    detriment.

22           Also, I'm alleging that notice was

23    insufficient in the motion to vacate.  The

24    certificate of service states that we are noticed via

1   the ECF system.

2          However, since the case was dismissed

3   prior to our answer being due, we never filed a

4   notice of appearance.  So we are not on the ECF

5   system.

6          Under this case number, my client was

7   not served notice.  I don't think anyone received

8   notice.

9          THE COURT:  Mr. Albanis.

10          MR. ALBANIS:  Judge, the reason that

11   we didn't appear on April 29th was because of an

12   inadvertent error.

13          What happened was when we filed our

14   adversary complaint on April 3rd, we didn't receive

15   the payment screen for the filing system.

16          So we contacted the filing clerk and

17   we were advised that the case set for April 29th

18   would be reset for a later date.

19          THE COURT:  Hold on.

20          What clerk advised you of that?

21          MR. ALBANIS:  I believe it was the

22   E-filing -- the ECF.

23          THE COURT:  So they told you you

24   didn't have to appear?

4

1          MR. ALBANIS:  They told us they were

2    going to reset the case for another -- for another

3    date, Judge.

4          THE COURT:  That doesn't happen,

5    counsel.  And I'd be very surprised if the clerk's

6    office told you that.

7          Did you speak to them directly?

8          MR. ALBANIS:  I did not.  My secretary

9    spoke to them, Judge.

10          THE COURT:  You should be very careful

11    when you inform this court because they don't do that

12    kind of stuff.

13          Unfortunately, we get a lot of "Ken

14    Gardner's staff told me this," and then we go back

15    and check with Ken Gardner and that never happened.

16    And I doubt very seriously they told you they were

17    going to reset something that was before this court.

18          THE CLERK:  All I know, Judge, is that

19    they go by the date on the summons, and the summons

20    was issued on the date when the attorney filed it.

21          THE COURT:  I'm going to deny your

22    motion to vacate.  The case is dismissed based on the

23    objections of the debtor.  The debtor will be

24    prejudiced.  The debtor incurred damages, the debtor

5

1  showed up.  You guys didn't show up.  You know, now

2  you're saying the clerk told your secretary you

3  didn't have to show up.

4                    The motion is denied.

5                    MS. QUINN:  Thank you, Your Honor.

6                    (Which were all the proceedings had in

7  the above-entitled cause, May 13, 2008, 10:00 a.m.)

8  I, NICOLE ABBATE, DO HEREBY CERTIFY
   THAT THE FOREGOING IS A TRUE AND ACCURATE
9  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
   ENTITLED CAUSE.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William Remos,                          )  No. 08 A 198
                                        )  Chicago, Illinois
                                        )  10:30 a.m.
                      Debtor.           )  April 29, 2008

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE PAMELA HOLLIS

APPEARANCES:

For the Debtor:        Ms. Tiffany Quinn;

Court Reporter:        Amy Doolin, CSR, RPR
                       U.S. Courthouse
                       219 South Dearborn
                       Room 661
                       Chicago, IL  60604.

2

1          THE CLERK:  William Remos, 08 B 472,

2  and, 08 A 198.

3          MS. QUINN:  Good morning, Your Honor.

4  Tiffany Quinn on behalf of the debtor.

5          Your Honor, our answer is due May 5th,

6  so I was hoping we could continue this status

7  hearing.  I have not spoken with moving counsel.

8          THE COURT:  Okay.  So you want until

9  when?

10         MS. QUINN:  Our answer is due May 5th.

11         THE COURT:  Well, where is the

12  plaintiff?

13         MS. QUINN:  I don't know.  I have not

14  spoken with him.

15         THE COURT:  Normally when they are not

16  here, I dismiss for want of prosecution.  I mean,

17  this is their lawsuit, right?

18         MS. QUINN:  Correct.

19         THE COURT:  Did you get any calls?

20         THE CLERK:  No, Judge.

21         THE COURT:  Is this a pro se or was it

22  done by an attorney?

23         MS. QUINN:  An attorney.

24         THE COURT:  Well, what do you want to

25  do?  I will give you your choice.  I would be

3

1  inclined to dismiss it for want of prosecution.

2              MS. QUINN:  I would not oppose that.

3              THE COURT:  All right.  Dismissed.

4              MS. QUINN:  Thank you, Your Honor.

5              THE COURT:  You're welcome.

6              (Which were all the proceedings had in

7              the above-entitled cause, April 29,

8              2008, 10:30 a.m.)

9  I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
   THAT THE FOREGOING IS A TRUE AND ACCURATE
10 TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
   ENTITLED CAUSE.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William Remos,                    )  No. 08 A 198
                                  )  Chicago, Illinois
                                  )  10:00 a.m.
                  Debtor.         )  May 22, 2008

TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE PAMELA HOLLIS

APPEARANCES:

For the Debtor:          Ms. Tiffany Quinn;

For Marissa Chapa:       Ms. Katherine Haennicke;

Court Reporter:          Amy Doolin, CSR, RPR
                         U.S. Courthouse
                         219 South Dearborn
                         Room 661
                         Chicago, IL  60604.

2

1              THE CLERK:  William Remos, 08 A 198,

2    Chapa v. Remos.

3              MS. HAENNICKE:  Good morning, Your

4    Honor.  Katherine Haennicke on behalf of Marissa

5    Chapa.  I apologize for the voice.

6              MS. QUINN:  Tiffany Quinn on behalf of

7    the debtor.

8              THE COURT:  Okay.

9              MS. HAENNICKE:  Judge, I'm here on our

10   motion to reconsider.

11             THE COURT:  Right.  Motion to

12   reconsider the motion to reconsider is what it is.

13             And here's what really, really got me

14   on this one, was this statement that it was the clerk

15   who told you you didn't have to appear on the status.

16   And that was what was represented to me, and I know

17   that isn't the case.  And now the motion is a little

18   bit different.  It is saying maybe the status might

19   be changed, so I am not getting the straight deal

20   from you folks.

21             MS. HAENNICKE:  What had occurred was

22   when we had filed, unfortunately, due to the

23   software, our pop-up screen to pay did not come up

24   and, therefore, we had to have a check issued.  When

25   the clerk called to inform us that it hadn't gone

3

1  through, they had said that the summons date would

2  change.

3          When we went to go pay on that Monday

4  and actually brought a physical check to the clerk,

5  they had said that the summons date may change, and

6  so that's where the confusion was.  Then when the

7  date came up, we were not aware of it.  We sincerely

8  apologize to the court for not appearing.

9          THE COURT:  That's not what's

10  troubling me.  It's that I don't think it was

11  represented to me accurately as to why there was a

12  mistake.  You probably would have had your motion

13  granted had you not said the clerk told us we didn't

14  have to show up.

15          MS. HAENNICKE:  Right.

16          THE COURT:  I know that's not the

17  case.  The clerk doesn't do that.  I have discussions

18  with the clerk all the time about that.  And it's a

19  matter of a situation where attorneys like to do that

20  when it is their error.  They like to turn around and

21  blame it on the clerk.

22          On the other hand, we have a situation

23  where I think I generally agree with the case

24  authority that's been cited.  It is a drastic remedy.

25  And I would have granted your motion but for what I

4

1   felt was not a proper representation to the court.

2   So that's where I am hung up, if you would like to

3   respond.

4           MS. QUINN:  Your Honor, yes.  I do

5   still oppose the motion to reconsider.  In paragraph

6   11 they state that I do not have standing to object

7   because we have not appeared yet.  The case was

8   closed.  I didn't know you could even file an

9   appearance in a closed case.

10          But I think that strengthens the

11  argument that the motion to vacate was properly

12  denied.  There was no notice of that motion.  Nobody

13  was served notice.  The debtor is not even listed on

14  the service list.  So there was notice of --

15          THE COURT:  That was the first thing I

16  brought up.  I don't have proper notice.

17          MS. QUINN:  And then even on this

18  motion, I'm once again going to allege improper

19  notice.  By their own admission when they filed this

20  current motion we had still not filed our appearance.

21  The debtor was served notice via U.S. mail only.  You

22  cannot notice a motion out for two days and send the

23  only party in interest mail -- I mean, notice through

24  U.S. mail.

25          MS. HAENNICKE:  This was the second

5

1    notice.  Unfortunately, as I had spoken to

2    Mr. Austin, this -- when I talked to Ms. Epps, she

3    had informed me that when we filed it on Monday we

4    had filed it under the wrong code, and so, therefore,

5    we had to refile on Tuesday under a different code.

6                    And that's what the difference was.

7    When we refiled it, that's when we did go ahead and

8    put the debtor in because of the appearance of

9    counsel at the last court appearance.  That's why we

10   included counsel.  And we did fax them and they have

11   proper notice.

12                   MS. QUINN:  I'm alleging the debtor

13   never received notice.  On the notice that they

14   mailed out the 19th, debtor once again was not on the

15   certificate of service.  When they renoticed the

16   motion on the 20th, they sent debtor notice through

17   U.S. mail.  We didn't file our appearance until

18   yesterday.

19                   So when they sent out notice, we were

20   not representing the debtor, according to their own

21   admission and their allegation in paragraph 11.  So I

22   would still say the debtor was not sent proper

23   notice.  Our notice arrived at 6:20 p.m. the day

24   before, so I would still like -- we only had one-day

25   notice.

6

1          THE COURT:  Well, okay.  You only had

2   one-day notice.  This is a drastic remedy.  I'm

3   really ticked, I got to tell you.  I do not like it

4   when I am not told the truth, and I don't think I

5   was.  And that principally was driving -- not to --

6   also setting aside the fact that there wasn't notice,

7   and I pointed that out right at the beginning, that

8   notice wasn't proper.  And now that time periods have

9   gone by -- and it doesn't sound like it's still been

10  corrected.

11          Can you file some authority in

12  response?

13          MS. QUINN:  Yes, if you would like,

14  Your Honor.  Yes, we would like time to --

15          THE COURT:  Yes.  I'd like for you to

16  file a written response, because I'm very leary of

17  granting the motion to reconsider the reconsider.

18          MS. HAENNICKE:  But, Your Honor, the

19  other thing, too, is if you would like, we would be

20  more than happy to renotice it with all the parties

21  via U.S. mail and we can continue --

22          THE COURT:  I'm not going to tell you

23  how to practice law.  You know, I'm going to let

24  counsel say what she wants to say and then you do

25  what you think is appropriate.  If you think there is

8

1                MS. HAENNICKE:   That's what we're

2    trying to seek, Your Honor.

3                THE COURT:   Have you paid -- they

4    don't need to.

5                THE CLERK:   No, not in the adversary.

6                THE COURT:   So the adversary has been

7    closed.   The underlying case is closed.

8                MS. QUINN:   Correct.   Right.   And the

9    motion to vacate had no proper service.

10               THE COURT:   I'm not going to file any

11   briefs.   I'm just denying this motion.   That's the

12   proper way to do it.   This just has not occurred

13   correctly.   So it would be inappropriate for me to

14   set a briefing schedule when service isn't proper.

15               Okay.   So the motion is denied.

16               MS. QUINN:   Thank you, Your Honor.

17               MS. HAENNICKE:   Thank you, Your Honor.

18               (Which were all the proceedings had in

19               the above-entitled cause, May 22,

20               2008, 10:00 a.m.)

21   I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
     THAT THE FOREGOING IS A TRUE AND ACCURATE
22   TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
     ENTITLED CAUSE.

23

24

25