KH/#331999

7751-1

## APPEAL TO THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION
## FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| William Remos, ) | Case No.: 08 cv 4130 |
| ) | |
| Debtor. ) | The Honorable Judge Virginia Kendall |
| ) | |
| MARISSA CHAPA, ) | Appeal from: United States Bankruptcy Court for |
| ) | the Northern District of Illinois |
| Plaintiff, ) | |
| ) | Adversary No. 08 A 198 |
| v. ) | |
| ) | |
| WILLIAM REMOS, ) | |
| ) | |
| Defendant. ) | |

## AMENDED BRIEF IN SUPPORT OF APPEAL OF
## APPELLANT MARISSA CHAPA

## TABLE OF CONTENTS

BASIS OF APPELLATE JURISDICTION ................................................................................ 1

STATEMENT OF ISSUES TO BE PRESENTED ................................................................... 1

STATEMENT OF CASE ............................................................................................................ 2

ARGUMENT ............................................................................................................................... 3

CONCLUSION ............................................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Aura Lamp & Lighting v. Int'l Trading Corp.*,
  325 F.3d 903 (7th Cir. 2003) ................................................................................ 4

*In the Matter of Bluestein & Co.*,
  68 F.3d 1022, 1025 (7th Cir. 1995) ....................................................................... 7

*Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*,
  869 F.2d 1058, 1061 (7th Cir. 1989) ..................................................................... 7

*Sharif v. Wellness Intern. Network, Ltd*,
  376 F.3d 720 (7th Cir. 2004) ............................................................................ 4, 7

*Webber v. Eye Corporation*,
  721 F.2d 1067, 1069 (7th Cir. 1983) ..................................................................... 7

**Statutes**

Section 523(a)(2)(A) and (a)(6) of the United States Bankruptcy Code ......................... 5

**Rules**

Fed.Rul.Bank.P. 7041 ........................................................................................... 7

Rule 41 of the Federal Rules of Civil Procedure ....................................................... 7

NOW COMES Appellant, MARISSA CHAPA ("Chapa"), by and through her undersigned attorneys, for her opening appellate brief states as follows:

### BASIS OF APPELLATE JURISDICTION

Appellant appeals pursuant to 28 U.S.C. 158(a)(1) from the orders of April 29, 2008, May 13, 2008 and May 22, 2008. This Court has jurisdiction as Appellant filed a Statement of Election, requesting her appeal be heard by the District Court pursuant to 28 U.S.C. §158(c)(1).

### STATEMENT OF ISSUES TO BE PRESENTED

1. Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in dismissing this matter for want of prosecution.

2. Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Vacate the Order of April 29, 2008, Reopen Adversary Proceeding and Reinstate her Complaint against Defendant.

3. Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in denying Chapa's Motion to Reconsider.

4. Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in entering the Orders of April 29, 2008 and May 13, 2008 and in announcing the decision on May 22, 2008, which was docketed on May 27, 2008.

The applicable standard of review is for abuse of discretion. *Sharif v. Wellness Intern. Network, Ltd*, 376 F.3d 720 (7th Cir. 2004). The dismissal for lack of prosecution is reviewed to determine if the district court abused its discretion. *Id. See also Aura Lamp & Lighting v. Int'l Trading Corp.*, 325 F.3d 903 (7th Cir. 2003).

## STATEMENT OF CASE

On April 4, 2008, Chapa filed her adversary proceeding against the debtor, William Remos. (R. 25-41)[1]. The adversary complaint states that Mr. Remos debt, as owed to Ms. Chapa, is not dischargeable pursuant to Section 523(a)(2)(A) and (a)(6) of the United States Bankruptcy Code. (R.25-41).

Upon filing the complaint, secretary for counsel for Chapa did not get the payment screen. (R. 73). Upon contacting the clerk, secretary for counsel for Chapa was informed she would have to bring a check to the Northern District of Illinois Bankruptcy Court as soon as possible. (R. 73). Counsel also learned that the date for the appearance on the status of the summons may be changed. (R.73).

On April 29, 2008, a status hearing was held. (R. 76-78). Due to a docketing error, counsel for Chapa did not appear. (R.76-78). The court allowed counsel for Remos, who did not have an appearance on file, to appear and agree to a dismissal for want of prosecution. (R.76-78). The court thereby entered an order dismissing the case for want of prosecution. (R. 24). Shortly after receiving the April 29, 2008 order, Chapa's counsel filed a Motion to Vacate the order, reopen the adversary proceedings and reinstate complaint. (R. 44-48). The motion was filed on May 5, 2008, which was the fourth business day after the order was entered. (R.44-48).

The hearing for the Motion to Vacate was set for May 13, 2008. (R.47-48). At this hearing, counsel for the debtor stated that they did not receive proper notice because they had yet to appear or answer in the adversary proceeding. (R.71-75). Counsel for the debtor also argued that to allow this matter would be outside the time of filing the adversary proceeding, and therefore the motion to vacate should not be granted due to the purported prejudice to debtor defendant.

---

[1] All references to the Record shall be denoted as R. ___.

2

The court denied the motion based upon the objections of the debtor, claiming the debtor would be prejudiced and incurred damages. (R. 74-75).

On May 19, 2008, counsel for Chapa filed a motion to reconsider. (R. 49-55). Counsel for Chapa was contacted by the electronic filing clerk, who requested that they refile the motion under a different code. (R. 83). Counsel refiled the motion on May 20, 2008 and faxed notice to counsel. (R. 56-62). The hearing date did not change, nor did the motion change in substance. (R.56-62). However, counsel did not have a fax number for Mr. Remos, the debtor. On May 21, 2008, the next day, Mr. Remos' attorney filed their appearance on his behalf. (R. 64).

On May 22, 2008, the bankruptcy court denied the motion to reconsider. (R.79-85). During the course of oral arguments, counsel for the debtor stated: "So when they sent out notice, we were not representing the debtor, …" (R. 83). The court denied the motion based upon on the debtor's objections. (R.85).

## ARGUMENT

The bankruptcy court orders of April 29, 2009, May 13, 2008 and May 22, 2008 should all be vacated. The court never issued an express warning, improperly allowed counsel to appear in twice in this matter without filing an appearance, and improperly relied on arguments regarding the notice for the refiled motion. In the end, these decisions and the resulting orders were improper and have greatly prejudiced Chapa.

The case should not have been dismissed without an express warning to counsel for Chapa. Second, the court should not have allowed an attorney who to appear twice on behalf of Remos, without having filed an appearance. Third, the court improperly denied the motion to reconsider. The notice was proper and the refiling was due solely to the request of the electronic filing clerk's request. In the end, Remos was not prejudiced. His counsel filed his appearance and an

3

associate from Mr. Twomey's office, the individual whose appearance is on file, appeared on his behalf.

Rule 41 of the Federal Rules of Civil Procedure applies to adversary proceedings. Fed.Rul.Bank.P. 7041. Therefore case law regarding Fed.R.Civ.P. 41 is applicable in the matter at hand. Dismissal for want of prosecution is an "undeniably harsh sanction, having the procedural effect of an adjudication on the merits against the plaintiff." *In the Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). This penalty is so severe that it must be allowed only in extreme situations such as when there is a "*clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)(emphasis original), *quoting Webber v. Eye Corporation*, 721 F.2d 1067, 1069 (7th Cir. 1983).

In addition, the Seventh Circuit has repeatedly held that the district court may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. *Sharif v. Wellness Intern. Network, Ltd*, 376 F.3d 720 (7th Cir. 2004).

It was a manifest error of law or fact and/or a mistake by the Court to dismiss this cause of action without an explicit warning to Chapa and to not grant Chapa's Motion to Vacate the Dismiss and reopen the proceedings. Likewise, it was manifest error of law to not grant Chapa's Motion to Reconsider.

Chapa's counsel inadvertently missed the first court date. Due to an error, the original date of April 29, 2008 was not docketed within counsel's docketing system, as counsel thought it would be changed. As such, counsel was unaware of the appearance date. Counsel sincerely apologized to the court for missing the very first status date in the adversary proceedings, and affirmatively stated that it was not intentional. Although the court believed that Mr. Albanis

stated that the clerk told counsel not to appear, that is not what Mr. Albanis said, but rather he had stated that the case would be reset to a later date, since payment had not been received. (R. 73). So the court's reasoning that the clerk told counsel not to appear is wholly inaccurate.

Clearly the above mistake does not rise to the level of "*clear record of delay* or contumacious conduct" and other less drastic sanctions have not proven unavailing as no other sanctions have occurred in this matter. This was the first time counsel committed an inadvertent mistake of not appearing in court for the very first status appearance.

In addition, the Court entertained the objections of a party who, by their own admission, had not appeared or answered in this matter. The party therefore did not have standing to object. Additionally, the debtor would not have been prejudiced by the granting of the any of the motions. Debtor's counsel argued that since the time to file an adversary proceeding had passed, the motion to vacate should not be granted, however this argument is a red herring. The adversary proceeding in question was filed within the appropriate time period. The Court would be reopening the original matter, not allowing a new matter to be filed. The matter at hand would relate back to the original adversary complaint, not any newly filed complaint.

On May 19, 2008, counsel for Chapa filed a motion to reconsider to denial of the motion to vacate. Counsel for the debtor appeared at the hearing on the motion. During the course of the hearing, counsel stated that when Chapa's counsel sent out the notice, they did not represent the debtor defendant. However, this statement is clearly inaccurate  Debtor's counsel appeared in court twice on behalf of the debtor, in this very case. The court allowed the debtor's counsel to appear twice on behalf of the debtor. Chapa's counsel was reasonable in their reliance upon the debtor's counsel appearance on both occasions to send notice to them of the hearing.

Lastly, the debtor was clearly not prejudiced at all. Debtor's counsel appeared at the hearings, therefore they must have had notice. Chapa will however, be forced to bear the greatest burden as the court allowed debtor's counsel to appear without having filed a formal appearance, yet not allow Chapa's counsel to rely on that appearance when sending notice. This decision precludes Chapa's case from moving forward to allow the parties to deal with the substantive issues at hand. In the end, debtor's counsel had notice of the hearings, appeared and allowed its objections to be heard. There was no prejudice to debtor.

## CONCLUSION

During this entire time, it should be noted that counsel for Chapa has actively fought and pursued to have her case reinstated. The case should not have been dismissed without an express warning to counsel for Chapa. Second, the court should not have allowed an attorney who to appear on behalf of Remos, without having filed an appearance. Third, the court improperly denied the motion to reconsider. The notice was proper and the refiling was due solely to the request of the electronic filing clerk's request. In the end, Remos was not prejudiced. His counsel filed his appearance and an associate from their office appeared on his behalf. So although Remos has been allowed to deviate from the rules, Chapa has been held to a different standard.

WHEREFORE, Plaintiff, MARISSA CHAPA prays for an order from this Honorable Court vacating the order of April 29, 2008, vacating the order of May 13, 2008, vacating the order of May 22, 2009, reopening the adversary proceeding, reinstating her Complaint against Defendant, WILLIAM REMOS and remand back to the bankruptcy court for further proceedings.

                                          MARISSA CHAPA

                                    By:  /s/Katherine L. Haennicke
                                         One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis V. Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

7

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 19, 2008, a copy of the foregoing document was served upon the counsel of record listed by:

- U.S. Mail and facsimile

**William T Neary**
Office of the U.S. Trustee, Region 11
227 W. Monroe Street
Suite 3350
Chicago, IL 60606
312-886-5785
**U.S. Trustee**

**Barry A Chatz**
Arnstein & Lehr
120 South Riverside Plaza Ste 1200
Chicago, IL 60606
312-876-7100
**Trustee**

**Thomas Twomey**
Zalutsky & Pinski, Ltd.
20 North Clark St
Suite 600
Chicago, IL 60602
312 782-9792

**Counsel for William Remos**

MARISSA CHAPA

By: __/s/ Katherine L. Haennicke__
      One of Her Attorneys

James K. Borcia
Katherine L. Haennicke
Panagiotis V. Albanis
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000

8