IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Marissa Chapa, | ) | |
| Appellee, | ) | Case No. 08 C 4130 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| William Remos, | ) | |
| Appellant. | ) | |

## MEMORANDUM OPINION AND ORDER

Marissa Chapa ("Chapa") filed adversary case number 08-198 against William P. Remos ("Remos") in the United States Bankruptcy Court for the Northern District of Illinois on April 4, 2008. The bankruptcy court, Honorable Pamela S. Hollis presiding, dismissed Chapa's case for want of prosecution on April 29, 2008. Chapa filed a Motion to Vacate the dismissal on May 5, 2008, which the bankruptcy court denied on May 13, 2008, and a Motion to Reconsider the denial of the Motion to Vacate on May 20, 2008, which the bankruptcy court denied on May 27, 2008. Chapa now appeals the bankruptcy court's dismissal of her case for want of prosecution and its subsequent denial of her motions to vacate and reconsider.[1] For the reasons stated below, this Court reverses the bankruptcy court's decision and remands this case for further proceedings consistent with this opinion.

---

[1] On July 24, 2008, this Court set a briefing schedule ordering Chapa to file a brief in support of her appeal by August 15, 2008, Remos to file his response by September 5, 2008, and Chapa to reply by September 12, 2008. Remos failed to file any response to Chapa's opening brief, and Chapa did not file a reply.

## **STATEMENT OF FACTS**

Chapa filed an adversary proceeding against Remos on April 4, 2008 in the United States Bankruptcy Court for the Northern District of Illinois. On April 29, 2008, the bankruptcy court held an initial status hearing on the matter. Counsel for Remos appeared, but counsel for Chapa did not appear. Chapa's counsel represents that he failed to appear due to a docketing error. Because Chapa's counsel did not appear, the bankruptcy court dismissed the case for want of prosecution.

On May 5, 2008, Chapa filed a Motion to Reopen her case, noting that counsel failed to appear due to an oversight. The bankruptcy court held a hearing on the motion on May 13, 2008. Chapa's counsel told the court that when she filed the adversary complaint, she did not receive the normal payment screen for the filing system. Counsel then contacted the filing clerk about the problem and was advised that the April 29th date would be reset. The court stated that she doubted that a clerk told Chapa's counsel that they would reset the hearing date and denied the Motion to Reopen.

Chapa then filed a Motion to Reconsider the denial of the Motion to Reopen on May 19, 2008. The bankruptcy court held a hearing on that motion on May 22, 2008. The court reiterated that it did not think it was true that a clerk told Chapa's counsel that she did not need to come to the April 29th hearing stating, "you probably would have had your motion granted had you not said the clerk told us we didn't have to show up." The bankruptcy court denied the Motion to Reconsider. Chapa then appealed the bankruptcy court's decisions to this Court, arguing: 1) the bankruptcy court erred in dismissing her case for want of prosecution; 2) the bankruptcy court erred in denying her Motion to Vacate; 3) the bankruptcy court erred in denying her Motion to Reconsider; and 4) the

bankruptcy court erred in entering its orders of April 29 and May 13 2008 and announcing its decision on May 22, 2008, which was docketed on May 27, 2008.

## **DISCUSSION**

This Court need only reach Chapa's first issue on appeal, that is, whether the bankruptcy court erred in dismissing Chapa's case for want of prosecution. This Court reviews the bankruptcy court's decision to dismiss the case for want of prosecution for abuse of discretion. *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989)

Bankruptcy Rule 7041 incorporates Federal Rule of Civil Procedure 41(b), making it applicable to bankruptcy cases. *Id*. at 1060. Under Rule 41(b), "if a plaintiff fails to prosecute or to comply with [the rules of civil procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). A dismissal with prejudice is, however, a particularly harsh sanction that should generally be applied only in "extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Pyramid*, 869 F.2d at 1061 *citing Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). As such, courts generally may not dismiss a case for want of prosecution without providing an explicit warning to the plaintiff that his or her case is in danger of being dismissed. *Sharif v. Wellness Int'l Network*, 376 F.3d 720, 725 (7th Cir. 2004) *citing Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). A case may only be dismissed without such a warning "where it is clear that counsel must have expected his actions (or inaction) to be answered with dismissal." *In the matter of Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995). In order to be adequate, such a warning of the possibility of dismissal need not be repeated nor formalized in a rule to show cause, but a judge's standing order that cases may be dismissed for failure to comply

3

with the schedule set by the court is insufficient. *Ball v. City of Chicago*, 2 F.3d 752,755 (7th Cir. 1993).

Here, the record shows that the bankruptcy court gave no warning to Chapa before it dismissed her case and declined to reopen it. Indeed, the record shows that the bankruptcy court dismissed Chapa's case for want of prosecution when her attorney failed to appear for an initial status, and neither the transcripts nor the docket show that the bankruptcy court gave Chapa any warning beforehand.[2] There is also no evidence in the record that this is an extreme case where counsel should have known that the case was in danger of being dismissed. Chapa's counsel had no contact with the bankruptcy court before the case was dismissed and promptly filed motions to vacate and reconsider after the case was dismissed. As such, the bankruptcy court abused its discretion in dismissing Chapa's case for want of prosecution. *Bluestein*, 68 F.3d at 1027 (abuse of discretion to dismiss for want of prosecution where case was not extreme and counsel was not warned).

As for the bankruptcy court's concern that the attorney may have made a misrepresentation to her regarding her contact with the Court, there are other remedies available to the court to consider in order sanction any finding of deliberate misrepresentation which do not result in the

---

[2] The bankruptcy court's statements indicating that it did not believe that Chapa's attorney was being honest when he explained his reasons for missing the initial status do not change this conclusion. First, the bankruptcy court did not make these findings until *after* it dismissed Chapa's case for failure to prosecute without warning. Also, the court's apparent finding that Chapa's attorney lied about his failure to attend the initial hearing does not obviate the need for a warning before dismissing the case for want of prosecution. *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 727 (7th Cir. 2006) (adequacy of warning discussed even where plaintiff lied about his failure to comply with court orders).

dismissal of the client's matter without warning. Those remedies remain available to the court on remand.

For the reasons stated above, the decision of the bankruptcy court is reversed and the case is remanded for further proceedings consistent with this decision.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: February 20, 2009